UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
CHUKWUEMEKA TUTU,             :
                              :   Civil Action No. 09-2183 (FSH)
         Petitioner,          :
                              :
    v.                        :   **OPINION**
                              :
LARRY GLOVER, et. al.,        :
                              :
         Respondents.         :
_____:

**APPEARANCES:**

    CHUKWUEMEKA TUTU, Petitioner Pro Se
    # 224497/SBI # 680
    Northern State Prison
    168 Frontage Road
    Newark, New Jersey 07114

**HOCHBERG**, District Judge

This matter is before the Court on petitioner Chukwuemeka Tutu's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he is challenging his 1990 New Jersey state court conviction and sentence. For reasons discussed below, it appears from review of the petition papers provided by petitioner that his § 2254 habeas petition is subject to dismissal as time-barred under 28 U.S.C. § 2244(d).[1]

---

[1] Although the statute of limitations is an affirmative defense, Robinson v. Johnson, 313 F.3d 128, 134 (3d Cir. 2002), cert. denied, 124 S.Ct. 48 (2003), it is appropriate for a

1

I.  PROCEDURAL BACKGROUND

Petitioner, Chukwuemeka Tutu ("Tutu"), filed a petition for habeas corpus relief on or about April 20, 2009.[2] According to the allegations contained in his petition, Tutu was convicted by jury trial on or about November 16, 1989, in the Superior Court of New Jersey, Law Division, Union County, and sentenced to a 30 year prison term on January 31, 1990.

Tutu filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division. On May

---

district court to raise the issue sua sponte prior to ordering an answer.  Recently, the Supreme Court held that district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition; however, the district court must accord the parties fair notice and an opportunity to present their positions on the issue of time bar if the record shows that the petition is untimely.  Day v. McDonough, 126 S.Ct. 1675, 1684 (April 25, 2006).

[2] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine the exact date that Tutu handed his petition to prison officials for mailing, Tutu signed a certification of his petition on April 20, 2009.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Accordingly, the Court finds that April 20, 2009 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on May 8, 2009.

13, 1993, the Appellate Division affirmed the conviction and sentence.  The Supreme Court of New Jersey denied certification on July 7, 1993.

Thereafter, Tutu filed a state petition for post-conviction relief ("PCR"), which the trial court denied on November 10, 1994.  Tutu appealed the denial of his state PCR petition to the Appellate Division, and the Appellate Division affirmed on April 4, 1996.  He states he then filed a petition for certiorari with the Supreme Court of the United States, which was denied in October 1996.

Tutu filed this federal habeas petition on or about April 20, 2009.

## II.    STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

III.     STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. See Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998); Duarte v. Herschberger, 947 F. Supp. 146, 147 (D.N.J. 1996).

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by

the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

The limitations period is tolled, however, during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar.  Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court. See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007); Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Tutu's judgment of conviction became final before the enactment of AEDPA. The judgment of conviction was entered on or about January 31, 1990, and Gibbs filed a direct appeal shortly thereafter. On July 7, 1993, the Supreme Court of New Jersey denied certification, and Tutu did not seek certiorari with the Supreme Court of the United States. Therefore, his judgment of conviction became final 90 days after July 7, 1993, or October 7, 1993. See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13. Thus, for purposes of determining when the statute of limitations would start to run, Tutu had one year from the date that AEDPA became effective, April 24, 1996, or until April 24, 1997, to filed his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Tutu would have had to file his state PCR petition before the one-year period had expired, or before April 24, 1997. Otherwise, the state PCR petition would not serve to

toll the statute of limitations.  In this case, Tutu did file a state PCR petition, which was ultimately denied in October 1996 when the Supreme Court of the United States denied certiorari.  This occurred before the one-year AEDPA limitations period expired on April 24, 1997.

However, as set forth above, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court.  See Lawrence, 549 U.S. at 332-33; Stokes, 247 F.3d at 542.  Thus, it would appear that the state PCR proceedings were completed and final on April 4, 1996, before AEDPA became effective, and Tutu had until April 24, 1997, the one-year statutory period under AEDPA, to file his federal habeas petition.  Tutu does not allege that he filed any further state PCR petitions before April 24, 1997, or at anytime thereafter.  Consequently, he is not entitled to statutory tolling under § 2244(d)(2).

Accordingly, Tutu would have had one year from April 24, 1996, the effective date of AEDPA since his conviction became final before that date, or until April 24, 1997, to file his federal habeas petition.  He did not file his § 2254 petition until April 20, 2009, almost twelve (12) years after the limitations period expired.  Even if this Court were to give Tutu

the benefit of a one-year limitations period from October 1996, when the United States Supreme Court denied certiorari with respect to denial of Tutu's state PCR petition, until October 1997, his federal habeas petition is still untimely by more than eleven (11) years. Therefore, it would appear from the face of the petition that this habeas action is now time-barred under 28 U.S.C. § 2244(d).

Before the Court can dismiss this action as time-barred, it is appropriate that the parties be given the opportunity to address the issue of timeliness. See Day v. McDonough, 547 U.S. 198 (2006)(district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions).

Tutu may be able to overcome this statutory time bar if he can show that the limitations period did not expire as determined by this Court, or if he can show a basis for equitable tolling. See Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that

some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005). The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005). Mere excusable neglect is not sufficient. Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[4] Even where extraordinary circumstances exist, however,

---

[4] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d

9

"[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Therefore, before this Court can dismiss this petition as time-barred, an Order will be issued directing Tutu to show cause why his petition should not be dismissed as time-barred.

## CONCLUSION

For the foregoing reasons, because this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 may be subject to dismissal as time-barred under 28 U.S.C. § 2244(d), the Court will order Gibbs to show cause in writing why his petition should not be dismissed as untimely. An appropriate order follows.

s/Faith S. Hochberg
FAITH S. HOCHBERG
United States District Judge

DATED: October 27, 2009

---

159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.