**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

_____
                                            :
CHUKWUEMEKA TUTU,                           :
                                            :   Civil Action No. 09-2183 (FSH)
           Petitioner,            :
                                            :
    v.                                    :   **OPINION**
                                            :
LARRY GLOVER, et. al.,                      :
                                            :
           Respondents.           :
                                            :

**APPEARANCES:**

    **CHUKWUEMEKA TUTU**, Petitioner Pro Se
    # 224497/SBI # 680101B
    Northern State Prison
    168 Frontage Road
    Newark, New Jersey 07114

**HOCHBERG,** District Judge

This matter is before the Court on the petition of Chukwuemeka Tutu, for habeas corpus relief under 28 U.S.C. § 2254. On October 27, 2009, this Court issued an Order to Show Cause directing petitioner to show cause in writing, on or before November 9, 2009, why his habeas petition should not be dismissed as time-barred under 28 U.S.C. § 2244(d).[1] Petitioner responded

---

[1] Under the Supreme Court's ruling in Day v. McDonough, 547 U.S. 198 (2006), district courts are permitted to consider *sua sponte* the timeliness of a state inmate's habeas petition, but must accord the parties fair notice and an opportunity to present their positions.

on November 13, 2009.  For the reasons discussed below, the Court will dismiss the petition as untimely under 28 U.S.C. § 2244(d).

## I.   PROCEDURAL BACKGROUND

Petitioner, Chukwuemeka Tutu ("Tutu"), filed a petition for habeas corpus relief on or about April 20, 2009.[2]  According to the allegations contained in his petition, Tutu was convicted by jury trial on or about November 16, 1989, in the Superior Court of New Jersey, Law Division, Union County, and sentenced to a 30 year prison term on January 31, 1990.

Tutu filed a direct appeal from his conviction and sentence to the Superior Court of New Jersey, Appellate Division.  On May 13, 1993, the Appellate Division affirmed the conviction and sentence.  The Supreme Court of New Jersey denied certification on July 7, 1993.

---

[2] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court.  See Houston v. Lack, 487 U.S. 266, 270-71 (1988); see also Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1988) (applying prison mailbox rule set forth in Houston, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition).  Although the Court is unable to determine the exact date that Tutu handed his petition to prison officials for mailing, Tutu signed a certification of his petition on April 20, 2009.  See Henderson v. Frank, 155 F.3d 159, 163-64 (3d Cir. 1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition).  Accordingly, the Court finds that April 20, 2009 was the date this petition was filed for purposes of calculating the timeliness of the petition, and not the date the petition was received by the Clerk of the Court on May 8, 2009.

Thereafter, Tutu filed a state petition for post-conviction relief ("PCR"), which the trial court denied on November 10, 1994. Tutu appealed the denial of his state PCR petition to the Appellate Division, and the Appellate Division affirmed on April 4, 1996. He states he then filed a petition for certiorari with the Supreme Court of the United States, which was denied in October 1996.

In his response to this Court's Order to Show Cause, Tutu contends that he is entitled to equitable tolling of the limitations period because he "has been pursuing his rights diligently," and because of "extraordinary circumstances," namely, the ineffective assistance of counsel during direct appeal in failing to preserve a claim of prosecutorial misconduct.

Tutu attaches to his response the Appellate Division's decision, dated August 25, 2008, with respect to his second state PCR. The Appellate Division's decision notes that Tutu filed his second state PCR petition on or about September 25, 2005. Tutu argues that his federal habeas petition was filed on or about April 20, 2009, less than a year after the Appellate Division affirmed the denial of his second state PCR petition on August 25, 2008.

## II.  STANDARD OF REVIEW

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429

3

U.S. 97, 106 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See <u>Royce v. Hahn</u>, 151 F.3d 116, 118 (3d Cir. 1998); <u>Lewis v. Attorney General</u>, 878 F.2d 714, 721-22 (3d Cir. 1989); <u>United States v. Brierley</u>, 414 F.2d 552, 555 (3d Cir. 1969), <u>cert. denied</u>, 399 U.S. 912 (1970).  Because petitioner is a <u>pro se</u> litigant, the Court will accord his petition the liberal construction intended for <u>pro se</u> petitioners.

### III.   STATUTE OF LIMITATIONS ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Section 2244(d) became effective on April 24, 1996 when the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law.  See <u>Burns v. Morton</u>, 134 F.3d 109, 111 (3d Cir. 1998); <u>Duarte v. Herschberger</u>, 947 F. Supp. 146, 147 (D.N.J. 1996).  The Third Circuit has ruled that state prisoners whose convictions became final before the April 24, 1996 enactment of

4

AEDPA are permitted one year, until April 23, 1997, in which to file a federal habeas petition under § 2254.  See Burns, 134 F.3d at 111.  See also Lindh v. Murphy, 521 U.S. 320, 326-27 (1997)("[t]he statute reveals Congress' intent to apply the amendments to chapter 153 only to such cases as were filed after the statute's enactment").

Thus, pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

As noted above, where a conviction became final prior to April 24, 1996, the effective date of § 2244(d), a state prisoner has a one-year grace period after that effective date to file a § 2254 petition.  Burns, 134 F.3d at 111.  However, that limitations period is tolled during the time a properly filed application for state post-conviction relief is pending.  28 U.S.C. § 2244(d)(2).  An application for state post-conviction

relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed,"[3] during the period between a lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24. Nevertheless, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court. See Lawrence v. Florida, 549 U.S. 327, 332-33 (2007); Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

   Here, Tutu's judgment of conviction became final before the enactment of AEDPA. The judgment of conviction was entered on or about January 31, 1990, and Tutu filed a direct appeal shortly thereafter. On July 7, 1993, the Supreme Court of New Jersey denied certification, and Tutu did not seek certiorari with the

---

[3] An application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee. In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally. But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims contained in the application are meritorious and free of procedural bar. Artuz v. Bennett, 531 U.S. 4, 8-9 (2000) (footnotes and citations omitted).

Supreme Court of the United States.  Therefore, his judgment of conviction became final 90 days after July 7, 1993, or October 7, 1993.  See Swartz, 204 F.3d at 419; Morris, 187 F.3d at 337 n.1; U.S. Sup. Ct. R. 13.  Thus, for purposes of determining when the statute of limitations would start to run, Tutu had one year from the date that AEDPA became effective, April 24, 1996, or until April 24, 1997, to filed his federal habeas petition under § 2254.

To permit tolling of the one-year limitations period under 28 U.S.C. § 2244(d)(2), Tutu would have had to file his state PCR petition before the one-year period had expired, or before April 24, 1997.  Otherwise, the state PCR petition would not serve to toll the statute of limitations.  In this case, Tutu did file a state PCR petition, which was ultimately denied in October 1996 when the Supreme Court of the United States denied certiorari.  This occurred before the one-year AEDPA limitations period expired on April 24, 1997.

However, as set forth above, § 2244(d)(2) does not toll the one year statute of limitations during the pendency of a state prisoner's petition for writ of certiorari in the United States Supreme Court.  See Lawrence, 549 U.S. at 332-33;  Stokes, 247 F.3d at 542.  Thus, it would appear that Tutu's first state PCR proceedings were completed and final on April 4, 1996, before AEDPA became effective, and Tutu had until April 24, 1997, the one-year statutory period under AEDPA, to either file his federal

habeas petition, or file a second state PCR petition to continue statutory toling under 28 U.S.C. § 2244(d)(2).

Here, as confirmed in Tutu's response to the Order to Show Cause, Tutu did not file his second state PCR petition until September 25, 2005, more than eight years after the statute of limitations had expired on April 24, 1997.

Clearly, it appears that Tutu either disregarded or miscalculated the statutory limitations period when he failed to count the time his limitations period began to run, on April 24, 1996, and before he filed his second state PCR petition on September 25, 2005.  Miscalculation of the remaining time on a limitations period does not constitute extraordinary circumstances to permit equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); see also Johnson v. Hendricks, 314 F.3d 159, 161, 163 (3d Cir. 2002), cert. denied, 538 U.S. 1022 (2003).  Moreover, even if Tutu was ignorant of the fact that the limitations period began to run on April 24, 1996, since his conviction became final before AEDPA became effective, ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing. Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001).  Courts have been loathe to excuse late filings simply because a pro se prisoner misreads the law. Delaney v. Matesanz, 264 F.3d 7, 15 (1st Cir. 2001)("While judges are generally lenient with pro se litigants, the Constitution

8

does not require courts to undertake heroic measures to save pro se litigants from the readily foreseeable consequences of their own inaction."); see also Jones, 195 F.3d at 159-60.

Nevertheless, Tutu may be able to overcome this statutory time bar if he can show a basis for equitable tolling.  See Fahy, 240 F.3d at 244; Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where:  (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely

9

asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir.), cert. denied, 126 S.Ct. 473 (2005).[4]  Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

In this case, Tutu contends that he has been diligently pursuing his rights, and that extraordinary circumstances exist to warrant equitable tolling.  Specifically, Tutu argues that his counsel was ineffective on direct appeal, and on his first state PCR petition because counsel failed to argue prosecutorial misconduct.  This Court finds no extraordinary circumstances as alleged.  First, a claim of ineffective assistance of counsel is generally not raised on direct appeal because review of such claim is beyond that state court trial record.  Second, any

---

[4] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling.  Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

federal habeas claim concerning ineffective assistance of state PCR counsel is subject to summary dismissal pursuant to 28 U.S.C. § 2254(I).  Therefore, Tutu has not shown that he was actively misled, that he was prevented from asserting his rights in some extraordinary way, that he timely asserted his rights in the wrong forum, or that the court misled him regarding the steps he needed to take to preserve his claim.  See Brinson, 398 F.3d at 230.

Moreover, Tutu waited over nine years, from April 1996 to September 25, 2005, to file his second state PCR petition asserting these claims of ineffective assistance of counsel.  This significant and lengthy period of time clearly does not suggest diligence on the part of petitioner is pursuing his rights.  Therefore, this Court finds that the petition was untimely filed and must be dismissed accordingly.

## IV.   CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue.  See Third Circuit Local Appellate Rule 22.2.  The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the

denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. For the reasons discussed above, this § 2254 habeas petition is clearly time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

## CONCLUSION

For the foregoing reasons, this Court finds that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 is time-barred pursuant to 28 U.S.C. § 2244(d). No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2). An appropriate order follows.

S/ Faith S. Hochberg
FAITH S. HOCHBERG
United States District Judge

Dated: 1/22/2010